## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| JAMES E. WALKER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 3:15-cv-00786-MJR |
| | ) | |
| S.A. GODINEZ, | ) | |
| RICK HARRINGTON, | ) | |
| KIMBERLY BUTLER, | ) | |
| SGT. JOHNSON, | ) | |
| C/O JOSEPH, | ) | |
| BRAD BRAMLET, | ) | |
| TANYA KNUST, | ) | |
| C/O MOORE, | ) | |
| DAVID CHILDER, | ) | |
| C/O LAVENDER, | ) | |
| C/O ELLIS, | ) | |
| C/O SMITH, | ) | |
| C/O MORRIS, | ) | |
| BETSY SPILLER, | ) | |
| VICKIE PAYNE, | ) | |
| C/O ALLSUP, | ) | |
| DR. SHEARING, | ) | |
| G. WALLS, and | ) | |
| UNKNOWN PARTIES, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

**REAGAN, Chief District Judge:**

James Walker is currently incarcerated at the Menard Correctional Center in Menard, Illinois. (Doc. 1 at 1.) Proceeding *pro se*, Walker has filed a civil rights action pursuant to 42 U.S.C. § 1983 against the former Director of the Illinois Department of Corrections and a number of prison officials employed at Menard. (*Id.*) Walker's complaint is a missive laying out all of his problems with various officials during his multi-year tenure at the prison — as best the Court can tease out from his forty-four page single-spaced complaint, Walker says that

various prison employees exposed him to inappropriate conditions of confinement in his prison housing unit in May 2013; mishandled separate grievances in 2012, 2013, and 2015; withheld his legal mail in 2013; failed to provide him with adequate medical treatment at several disparate points in 2012, 2013, 2014, and 2015; blocked his access to courts by refusing to provide him with copies and an adequate law library in 2013; denied him access to the bathroom at one point in 2013; failed to provide him with unassigned pay during lockdowns up until 2014; denied him access to soap and other toiletries in 2015; denied him access to courts in 2015 by cancelling a scheduled "legal exchange"; denied him access to a notary in 2014; deprived him of his property during several prison shakedowns in 2013; conducted unreasonable searches in 2013; denied him access to a "hygiene bag" in 2014; retaliated against him for filing grievances in 2013; and deprived him of his personal property, including his trimmers, in 2015.

The multi-claim, multi-defendant nature of Walker's complaint raises questions as to whether it violates Federal Rule of Civil Procedure 20. While Federal Rule of Civil Procedure 18 allows a plaintiff to put in one complaint "every claim of any kind against a single defendant," Federal Rule of Civil Procedure 20 allows additional claims against separate defendants only if the additional claims arise "out of the same transaction, occurrence, or series of transactions or occurrences." *See* FED. R. CIV. P. 18(a); FED. R. CIV. P. 20(a)(2). In other words, Rule 20 stops litigants from joining unrelated claims against separate groups of defendants in one suit — a "litigant cannot throw all of his grievances, against dozens of different parties, into one stewpot." *Wheeler v. Wexford Health Sources, Inc.*, 689 F.3d 680, 683 (7th Cir. 2012). This barrier against multi-claim, multi-defendant suits avoids the "morass" that comes with those cases, and ensures that prisoners pay filing fees and incur strikes as envisioned by the Prison Litigation Reform Act. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).

Here, Walker has joined many discrete claims against separate groups of defendants in one action.  While Walker has attempted to skirt around this problem by naming Harrington, Butler, and Johnson for all of his claims and Godinez and Joseph for many others, when it comes time to state how those supervisors were involved in each claim, Walker says nothing.  This bare-bones method of pleading personal involvement might be enough to keep supervisory-level officials yoked into Walker's systemic conditions of confinement claims, but Walker must allege more to keep these officials around for his other claims — he must say how they "participated in the constitutional wrongdoing." *Antonelli v. Sheahan*, 81 F.3d 1422, 1428 (7th Cir. 1996).  For his non-conditions claims, Walker says nothing about how Harrington, Butler, Johnson, Godinez, and Joseph were involved, so those defendants cannot be considered parties to the non-conditions claims.  And without those defendants included in the non-conditions claims, Walker's complaint is filled to the brim with "different charges against different prison officials," thereby violating Rule 20.  *Kadamovas v. Stevens*, 706 F.3d 843, 846 (7th Cir. 2013).

Walker's Rule 20 blunder does not spell doom for his case; he has two options to deal with the problem.  For one, Walker could pare down his case and proceed with a complaint limited to one discrete group of "injuries and defendants."  *See id.*  To do this, Walker will need to draft an amended complaint isolated to one group of injuries and defendants and submit it to the Court as a First Amended Complaint in this action.  If Walker takes this course, he will only incur one filing fee; his other claims (concerning other groups of injuries and defendants) would be abandoned by omission.  *See Taylor v. Brown*, 787 F.3d 851, 857-58 (7th Cir. 2015) (amendment of complaint is a proper method for "adding or dropping parties and claims" when claims are misjoined).  In the alternative, Walker can proceed with some or all of the many claims in his initial complaint by drafting "separate complaints, each confined to one group of

injuries and defendants." *Kadamovas*, 706 F.3d at 846. If Walker takes this course, he should label one of the narrowed complaints the "First Amended Complaint," which will serve as the operative complaint for this action, and each other narrowed complaint as a "Proposed Complaint." Each complaint should be labeled with this case's number — Case No. 3:15-cv-00786. The Court will treat the filing of separate proposed complaints as a motion to sever: each of the separate proposed complaints will be severed into separate actions, and Walker will incur filing fees for each severed action.[1] Every complaint submitted will then be screened.[2]

The Court will give Walker thirty-five days from the date of this order to decide which of these two paths he wishes to take. If he chooses neither path and does nothing in response to this Order, the Court will dismiss this case under Federal Rule of Civil Procedure 41(b) for failure to abide by a court order. The Court will hold preliminary review under 28 U.S.C. § 1915A in abeyance pending Walker's response to this order. And because preliminary screening has not yet occurred, the Court takes no position as to the merits of any of Walker's claims — some of them may well be subject to dismissal at the preliminary review stage, but the Court will address that question for each complaint once Walker works out his Rule 20 misjoinder problem. *See*

---

[1] In making a choice as to what claims to proceed with in this action and what claim or claims to include in separate proposed complaints for severance, Walker should know that the "statute of limitations for § 1983 actions in Illinois is two years." *O'Gorman v. City of Chicago*, 777 F.3d 885, 889 (7th Cir. 2015). To the extent any of his claims concern events that occurred outside of this time period, he should carefully consider whether he wishes to drop those claims by not pursuing them in the First Amended Complaint for this action or in Proposed Complaints for actions that will be severed. If Walker drops some of his older claims because he does not want to incur the filing fee to bring those claims in separate cases, he may not be able to raise those claims again in a subsequent case given the statute of limitations for § 1983 actions.

[2] Under 28 U.S.C. § 1915A, the Court shall review a "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a government entity." During this preliminary review under 28 U.S.C. § 1915A, the court "shall identify cognizable claims or dismiss the complaint, or any portion of the complaint," if the complaint "is frivolous, malicious, or fails to state a claim on which relief may be granted" or if it "seeks monetary relief from a defendant who is immune from such relief."

*Wheeler*, 689 F.3d at 683 (noting that a district court may "creat[e] multiple suits" before preliminary review in a misjoinder situation, which can then be "separately screened").

One closing note is in order concerning Walker's motion for an attorney in this case. (Doc. 3.) While there is no constitutional or statutory right to appointment of counsel in federal civil cases, district courts do have discretion under 28 U.S.C. § 1915(e)(1) to request counsel to assist *pro se* litigants. *Romanelli v. Suliene*, 615 F.3d 847, 851 (7th Cir. 2010). When presented with a request for counsel, the Court must first consider whether the "indigent plaintiff made a reasonable attempt to obtain counsel" or was "effectively precluded from doing so," and if so, whether the plaintiff is "competent to litigate the case" himself in light of the case's difficulty and whether a lawyer would make a difference in the lawsuit given its merits. *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007). The second of these requirements disposes of Walker's motion at this stage: this case is in its infancy, so it is nearly impossible at this juncture "to make any accurate determination" concerning the merits "of this lawsuit." *Romanelli*, 615 F.3d at 852. And despite Walker's assertions that he has "learning problems" that would make it difficult for him to litigate this case, at this early point, all the Court is asking Walker to do is separate the allegations in his initial complaint into separate complaints consistent with Rule 20. Walker was able to draft a lengthy complaint that refers to numerous exhibits, so he appears capable of splitting up that complaint into separate proposed complaints limited to discrete groups of injuries and defendants. Accordingly, the motion for counsel is denied without prejudice. Once Walker has a viable complaint on file, he is free to file a renewed motion for counsel.

## Disposition

**IT IS HEREBY ORDERED** that, should Plaintiff wish to proceed with only one discrete group of injuries and defendants in this case, he shall file his First Amended Complaint

within thirty-five days of the entry of this order (on or before September 16, 2015).  The First Amended Complaint should be limited to one group of injuries and defendants in a manner that is consistent with Rule 20.  Walker should label the form First Amended Complaint and use the case number for this action.  The amended complaint shall identify the individuals responsible for the constitutional violation and explain how those individuals were involved.  In drafting any amended complaint, Plaintiff should follow the instructions on the Court's civil rights complaint form, which directs a party to state "when, where, how, and by whom" his rights were violated. An amended complaint supersedes and replaces all previous complaints, rendering old complaints void.  *See Flannery v. Recording Indus. Ass'n of Am.,* 354 F.3d 632, 638 n.1 (7th Cir. 2004).  The Court will not accept piecemeal amendments to a complaint.  Thus, the First Amended Complaint must stand on its own, without reference to any other pleading.  Should the First Amended Complaint not conform to these requirements, it shall be stricken.

**IT IS FURTHER ORDERED** that, should Plaintiff wish to proceed with separate claims linked to other groups of injuries and defendants, he shall file separate complaints within thirty-five days of the entry of this order (on or before September 16, 2015).  Each complaint should be limited to one group of injuries and defendants in a manner that is consistent with Rule 20.  For the complaint that Walker wishes to use as the operative one in this action, he should label it First Amended Complaint and include the case number for this action.  For the remaining complaints, Walker should label them Proposed Complaints and also include the case number for this action.  The Court will construe the filing of a proposed complaint or multiple proposed complaints as a motion to sever, and will sever the proposed complaints into separate cases so long as Rule 20 is followed.  Plaintiff will incur filing fees in all severed cases.

**IT IS FURTHER ORDERED** that, should Plaintiff file a First Amended Complaint or Proposed Complaints that violate Rule 20, those complaints may be stricken.

**IT IS FURTHER ORDERED** that, should Plaintiff fail to respond to this Order within thirty-five days, this case shall be dismissed pursuant to Federal Rule of Civil Procedure 41(b).

In order to assist Plaintiff in preparing any proposed complaints, the **CLERK** is **DIRECTED** to mail Plaintiff a blank civil rights complaint form.

**IT IS FURTHER ORDERED** that, for the reasons stated above, Plaintiff's motion for attorney representation (Doc. 3) is hereby **DENIED** without prejudice.

**IT IS FURTHER ORDERED** that preliminary screening review pursuant to 28 U.S.C. § 1915A is held in **ABEYANCE** pending Plaintiff's response to this Order.

Plaintiff is further **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: August 12, 2015**

<u>s/ MICHAEL J. REAGAN</u>
**Chief Judge Michael J. Reagan**
**United States District Judge**