## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JAMES E. WALKER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | )   Case No. 3:15-cv-00786-MJR |
| | ) |
| S.A. GODINEZ, | ) |
| RICK HARRINGTON, | ) |
| KIMBERLY BUTLER, | ) |
| SGT. JOHNSON, | ) |
| C/O JOSEPH, | ) |
| BRAD BRAMLET, | ) |
| TANYA KNUST, | ) |
| C/O MOORE, | ) |
| DAVID CHILDER, | ) |
| C/O LAVENDER, | ) |
| C/O ELLIS, | ) |
| C/O SMITH, | ) |
| C/O MORRIS, | ) |
| BETSY SPILLER, | ) |
| VICKIE PAYNE, | ) |
| C/O ALLSUP, | ) |
| DR. SHEARING, | ) |
| G. WALLS, and | ) |
| UNKNOWN PARTIES, | ) |
| | ) |
| Defendants. | ) |

### MEMORANDUM AND ORDER

**REAGAN, Chief District Judge:**

James Walker is currently incarcerated at the Menard Correctional Center in Menard, Illinois. (Doc. 1 at 1.) Proceeding *pro se*, Walker filed a civil rights action pursuant to 42 U.S.C. § 1983 on July 16, 2015. (*Id.*) Walker's complaint was a missive against eighteen named parties and numerous other unknown parties concerning several problems that he experienced during his multi-year tenure at the prison, raising the specter that it violated Federal Rule of Civil Procedure 20. Rule 20 precludes plaintiffs from joining unrelated claims against separate groups of

defendants in one suit—a "litigant cannot throw all of his grievances, against dozens of different parties, into one stewpot." *Wheeler v. Wexford Health Sources, Inc.*, 689 F.3d 680, 683 (7th Cir. 2012). When faced with such a complaint, a district court may require a plaintiff to submit "separate complaints, each confined to one group of injuries and defendants," which will then be "separately screened." *Id.* On August 12, 2015, the Court did just that, directing Walker to split his complaint into a First Amended Complaint linked to one group of injuries and defendants, and proposed complaints for other groups of injuries and defendants (to the extent Walker wanted to bring other complaints at all). (*See* Doc. 7.) The Court warned Walker that subsequent filings would be stricken if they did not comply with Rule 20. (*Id.* at 6.)

On September 14, 2015, Walker submitted his First Amended Complaint in this case, along with three other proposed complaints. Each of these complaints poses Rule 20 problems. For one, many of the complaints include unrelated claims against separate groups of defendants: the largest proposed complaint Walker submitted includes claims concerning the generalized cell conditions at the prison, as well as more individualized claims concerning access to courts, access to the library bathroom, and other issues; and yet another complaint includes claims linked to conditions in another area of the prison alongside individualized claims linked to Walker's mail. In addition, many of the complaints include overlapping allegations and claims, likely a byproduct of Walker's apparent attempt to copy portions of his original complaint into the proposed complaints. For these reasons, the First Amended Complaint and the proposed complaint violate Rule 20, and therefore must be stricken. Walker will be given another chance to draft new complaints that are each confined to one group of injuries and defendants.

While the structure of Walker's complaints makes it difficult to parse them into discrete categories of claims, the Court will offer some guidance to Walker so that he can draft

complaints consistent with Rule 20.  Walker seems to have five categories of claims in this case, each of which belong in separate complaints.  One of Walker's complaints should focus on alleged improper cell or generalized conditions at Menard; another should focus on barriers to court access; another should focus on Walker's purported lack of medical care; another should focus on the deprivation of his property; and yet another should focus on barriers to legal mail. Depending on the breadth of the claims Walker alleges in each of these subsequent complaints, some of the claims in these complaints may themselves be subject to severance.  In any event, the Court will address that issue once Walker submits complaints that better hew to Rule 20.

As before, Walker should label one of his complaints as his First Amended Complaint, which will be used for this action, and he should label the others as Proposed Complaints.  The filing of proposed complaints will be treated as a motion to sever, and the proposed complaints will be severed into new cases.  Walker is warned that the Court has not yet conducted a merits review of all of the claims in his various complaints, so it is up to him whether he brings separate complaints concerning all of the issues laid out in his filings thus far or if he whittles things down.  If one or more of his complaints states no claim, the complaint will be subject to dismissal and Walker may earn a strike under the Prison Litigation Reform Act.  In addition, regardless of whether the complaint is viable, Walker will owe a filing fee for each complaint he submits and for any other claims that are severed.  Blunderbuss complaints like Walker's carry these risks, and prisoners who bring claims concerning every conceivable plight at their prison over the course of numerous years run the risk of running up dismissals, strikes, and fees.  It is for that reason that some prisoners restrict their complaints to their most important points, but that is a cost-benefit choice Walker will have to make when he puts pen to paper.

Walker should keep three other points in mind as he drafts his new complaint or complaints. First, Walker seems to want to bring suit against unknown parties, and at the early stage of a case that is fine. However, a plaintiff who chooses to sue an unidentified party must label each party a John or Jane Doe, and must affix a number (John Doe 1, John Doe 2, and so on) to the designation. That way, when the unknown party is identified in discovery, the complaint can be amended to insert that party's actual name in place of the John Doe 1 or John Doe 2 designate. All of Walker's complaints contain reference to undesignated John Does and other "unidentified parties," making it difficult to discern who Walker wishes to name as a defendant and who he does not. Walker's future complaints must name the Doe designate by number, and must include that Doe designate in the caption.[1] Second, to the extent Walker files more than one complaint, he should avoid duplicative allegations between complaints—each complaint should concern one group of injuries linked to one group of defendants. Finally, Walker's complaints are filled with legalese and conclusory assertions of law—it would be better if he stuck to the facts, being sure to explain how each defendant was involved in his claims.

The Court will give Walker thirty-five days from the date of this order to submit a complaint or complaints consistent with Rule 20. If he chooses neither path and does nothing in response to this Order, the Court will dismiss this case under Federal Rule of Civil Procedure 41(b) for failure to abide by a court order. The Court will hold preliminary review under 28 U.S.C. § 1915A in abeyance pending Walker's response to this order. If Walker submits complaints that do not comply with Rule 20, they may be stricken, his claims may be severed *sua sponte* into new actions, or excess defendants may be dismissed from the relevant action.

---

[1] For example, if Walker's medical claims involve John Doe 1 (a doctor) and John Doe 2 (a nurse), he must describe what each Doe did to him by designation in the narrative: he must say that John Doe 1 failed to provide him with treatment for one ailment on one date, that John Doe 2 turned him away from treatment for a separate problem on another, and so on. He must also list John Doe 1 and John Doe 2 in the caption, so that it is clear he is naming them as defendants.

One closing note is in order concerning a motion Walker filed with his recent submissions.  Along with one of his many proposed complaints, Walker filed a motion seeking permission to join another prisoner, Arther Edmonson, to that complaint as another plaintiff. (Doc. 10.)  Federal Rule of Civil Procedure 20 sets the boundaries for permissive joinder of plaintiffs, allowing joinder only if the plaintiffs "assert any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences" and a "question of law or fact common to all plaintiffs will arise in the action."  Edmonson's claim concerns a lack of soap and a lack of medical treatment for conditions that arose from it, while Walker's claims in the proposed complaint that he wants Edmonson to join go far broader than just soap.  Where the two claims are even slightly similar, they ultimately concern lack of care for different treatment problems experienced by each prisoner.  Given the differences between their cases, this is not the type of suit where joinder of plaintiffs is permitted under Rule 20.  Once more, in light of the breadth of Walker's claims compared to Edmonson's and the differences in proof, even if the bare requirements of Rule 20 were satisfied, litigating these cases together would create expense and delay, meaning that Rule 21 permits denial of the motion.  *See Chavez v. Ill. State Police*, 251 F.3d 612, 632 (7th Cir 2001) (Rule 21 allows for denial of joinder motion if joinder "would create prejudice, expense or delay the court").  For both of these reasons, the motion to join is denied.  Edmonson is free to bring his case in a separate action, and the Court expresses no opinion as to its merit.

### Disposition

**IT IS HEREBY ORDERED** that, for the reasons stated above, Plaintiff's First Amended Complaint (Doc. 8) and proposed complaints (Doc. 10) are **STRICKEN** for failure to abide by Federal Rule of Civil Procedure 20's joinder requirements.

**IT IS FURTHER ORDERED** that, should Plaintiff wish to proceed with only one discrete group of injuries and defendants in this case, he shall file his First Amended Complaint within thirty-five days of the entry of this order (on or before November 2, 2015).  The First Amended Complaint should be limited to one group of injuries and defendants in a manner that is consistent with Rule 20.  Walker should label the form First Amended Complaint and use the case number for this action.  The amended complaint shall identify the individuals responsible for the constitutional violation and explain how those individuals were involved.  In drafting any amended complaint, Plaintiff should follow the instructions on the Court's civil rights complaint form, which directs a party to state "when, where, how, and by whom" his rights were violated.  An amended complaint supersedes and replaces all previous complaints, rendering old complaints void.  *See Flannery v. Recording Indus. Ass'n of Am.,* 354 F.3d 632, 638 n.1 (7th Cir. 2004).  The Court will not accept piecemeal amendments to a complaint.  Thus, the First Amended Complaint must stand on its own, without reference to any other pleading.  Should the First Amended Complaint not conform to these requirements, it shall be stricken.

**IT IS FURTHER ORDERED** that, should Plaintiff wish to proceed with separate claims linked to other groups of injuries and defendants, he shall file separate complaints within thirty-five days of the entry of this order (on or before November 2, 2015).  Each complaint should be limited to one group of injuries and defendants in a manner that is consistent with Rule 20.  For the complaint that Walker wishes to use as the operative one in this action, he should label it First Amended Complaint and include the case number for this action.  For the remaining complaints, Walker should label them Proposed Complaints and also include the case number for this action.  The Court will construe the filing of a proposed complaint or multiple proposed

complaints as a motion to sever, and will sever the proposed complaints into separate cases so long as Rule 20 is followed. Plaintiff will incur filing fees in all severed cases.

**IT IS FURTHER ORDERED** that, should Plaintiff file a First Amended Complaint or proposed complaints that violate Rule 20, those complaints may be stricken.

**IT IS FURTHER ORDERED** that, should Plaintiff fail to respond to this Order within thirty-five days, this case shall be dismissed pursuant to Federal Rule of Civil Procedure 41(b).

In order to assist Plaintiff in preparing any proposed complaints, the **CLERK** is **DIRECTED** to mail Plaintiff a blank civil rights complaint form.

**IT IS FURTHER ORDERED** that, for the reasons stated above, Plaintiff's motion to file a complaint with Edmonson (Doc. 10) is hereby **DENIED**. The **CLERK** is **DIRECTED** to send Edmonson a copy of this order and a blank civil rights complaint form so that he may file his own complaint, separate from Walker, if he wishes.

**IT IS FURTHER ORDERED** that preliminary screening review pursuant to 28 U.S.C. § 1915A is held in **ABEYANCE** pending Plaintiff's response to this order.

Plaintiff is further **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED:  September 28, 2015**

s/ MICHAEL J. REAGAN
**Chief Judge Michael J. Reagan**
**United States District Judge**