## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **JAMES E. WALKER,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. 15-cv-00786-MJR** |
| | ) | |
| **KIM BUTLER,** | ) | |
| **RICK HARRINGTON,** | ) | |
| **OFFICER HANK,** | ) | |
| **OFFICER MCCARTY,** | ) | |
| **LIEUTENANT BEST,** | ) | |
| **OFFICER BERRY,** | ) | |
| **OFFICER LAVENDER,** | ) | |
| **OFFICER ROWALD,** | ) | |
| **VICKIE PAYNE,** | ) | |
| **WEXFORD HEALTH SERVICES,** | ) | |
| **DR. ROBERT SHEARING,** | ) | |
| **GAIL WALLS, RN,** | ) | |
| **ANGELA CRAIN,** | ) | |
| **MR. MOLDENHAUER, and** | ) | |
| **JANE DOE,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## MEMORANDUM AND ORDER

**REAGAN, Chief District Judge:**

Plaintiff James Walker is currently incarcerated at the Menard Correctional Center. Proceeding *pro se*, Walker initiated a civil rights action pursuant to 42 U.S.C. § 1983, alleging that various officials have violated his rights by blocking his access to court, depriving him of medical care, seizing his property, refusing to deliver his legal mail, and exposing him to improper conditions of confinement.

Walker unsuccessfully filed complaints in this case on several separate occasions, each series of complaints having run afoul of Federal Rule of Civil Procedure 20's misjoinder

prohibition. Therefore, the Court eventually appointed attorney Gary A. Meadows to represent Walker during the threshold period of his case. Walker, with the aid of counsel, timely filed his second amended complaint on February 26, 2016. (Doc. 34.)

This matter is now before the Court for a preliminary review of Walker's second amended complaint pursuant to 28 U.S.C. § 1915A. Under § 1915A, the Court shall review a "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a government entity." During this preliminary review under § 1915A, the Court "shall identify cognizable claims or dismiss the complaint, or any portion of the complaint," if the complaint "is frivolous, malicious, or fails to state a claim on which relief may be granted" or if it "seeks monetary relief from a defendant who is immune from such relief." Upon careful review of the complaint and any supporting exhibits, the Court finds it appropriate to exercise its authority under § 1915A.

## Background

The complaint alleges the following facts. Walker suffers from many medical problems, including dermatological issues, back pain caused by arthritis, sinusitis, and gastrointestinal problems potentially stemming from a prior gunshot wound. Accordingly, Walker must regularly use medicated lotions and shampoos and take several medications. Despite the presence of such ailments, Walker has been denied access to appropriate medical care throughout the period of his incarceration.

Specifically, Walker's complaint details several instances which he alleges resulted in violations of the Eighth Amendment's Cruel and Unusual Clause. First, Walker's repeated requests for treatment of his back pain and skin condition from May to July 2013 were ignored

by unspecified members Menard's health care unit, and his grievance in connection thereto was denied by Defendant Harrington (then-Warden of Menard).

Walker finally received medical treatment in August 2013. However, according to him, his care was less than optimal. Defendant Nurse Jane Doe refused to treat all of Walker's issues and to provide medication that he had previously been given and which had proven effective. Defendant Gail Walls, R.N., approved Jane Doe's actions, and Harrington once again denied the resulting grievance that Walker filed.

In October 2013, while waiting to be seen by Defendant Dr. Shearing in the health care unity, Defendants Lavender and Rowald barred Walker, who was suffering from gastrointestinal problems, from using the restroom, allegedly in due to his past grievances and to discourage Walker from seeking medical treatment. Walker states that this action was "endorsed by Defendants Butler and/or Harrington."

When Walker was seen by Dr. Shearing, the latter refused to examine Walker or to prescribe him necessary medications for his back pain, allergies, or skin problems. He then proceeded to yell at Walker and tell him to leave. Eighth months later, Defendant Crain, the nurse supervisor at the health care unit, denied Walker's resultant grievance.

Walker attempted to receive treatment by the health care unit about each week in September 2013 for his back pain and allergies. All of his visits were cancelled. Defendants Angela Crain and Harrington denied Walker's subsequent grievances. Defendant Payne, along with Harrington, dismissed additional grievances filed by Walker.

In September 2014, Walker was seen by Defendant Moldenhauer for treatment of his back pain, sinuses, and skin problems. Moldenhauer, however, refused to provide any treatment

for Walker's back pain, "and provided little treatment for [his] sinus issues." Walker's resulting grievance was denied.

In March 2015, Walker was housed in segregation. During this time he requested access to his medications from Defendants Best, Berry, Hank, and McCarty. The aforementioned, however, denied his requests. Later, and allegedly in retaliation for his several grievances and requests for health care, Walker was transferred to a "worse cell unit." This transfer was "endorsed" by Butler.

## Discussion

To facilitate the management of future proceedings, and in accordance with the objectives of Federal Rules of Civil Procedure 8 and 10, the Court finds it appropriate to organize the claims in Walker's complaint into counts, as shown below. The parties and the Court will use these designations in all pleadings and orders, unless otherwise directed by the Court. The designation of these counts does not constitute an opinion as to their merit.

**COUNT 1:** Defendants Jane Doe, Walls, Lavender, Rowald, Shearing, Moldenhauer, Best, Berry, Hank, and McCarty were deliberately indifferent to Walker's serious medical needs.

**COUNT 2:** Harrington, Butler, Crain, and Payne unconstitutionally failed to adequately respond or take seriously Walker's grievances.

**COUNT 3:** Butler transferred Walker to a worse cell unit in retaliation for his many grievances and requests for medical care.

### A. Wexford Health Services

As a preliminary matter, the Court will discuss Defendant Wexford Health Services ("Wexford"). Wexford is nowhere mentioned in the narrative of the complaint, and so must be dismissed from this case as a party. Even had Walker alleged that Wexford was liable for the acts of the defendant medical personnel, however, he has not met the required pleading standard.

Wexford is a corporate entity and so is treated as a municipality for purposes of § 1983 liability. *See Jackson v. Illinois Medi-Car, Inc.*, 300 F.3d 760, 766 n.6 (7th Cir. 2002). "[T]o maintain a § 1983 claim against a municipality, [a plaintiff] must establish the requisite culpability (a 'policy or custom' attributable to municipal policymakers) and the requisite causation (the policy or custom was the 'moving force' behind the constitutional deprivation)." *Gable v. City of Chicago*, 296 F.3d 531, 537 (7th Cir. 2002). Here, Walker has not alleged any concrete policy or custom attributable to Wexford, and he has not claimed that any act by Wexford led to the alleged deprivation of his rights. Accordingly, Wexford shall be dismissed from this action without prejudice.

### B.  Count 1

Walker may proceed with **Count 1** against Defendants Jane Doe, Walls, Lavender, Rowald, Shearing, Moldenhauer, Best, Berry, Hank, and McCarty. To state a medical claim under the Eighth Amendment, a plaintiff must show that his condition "was objectively serious," and that officials acted with the requisite intent towards that condition. *Sherrod v. Lingle*, 223 F.3d 605, 610 (7th Cir. 2000). The complaint alleges an objectively serious medical condition: Walker alleges he has suffered persistent paint in several parts of his body including severe back pain and gastrointestinal issues. *See Gutierrez v. Peters*, 111 F.3d 1364, 1373 (7th Cir. 1997) ("[T]he presence of a medical condition that significantly affects an individual's daily activities . . . or the existence of chronic and substantial pain" indicate the presence of a serious medical condition.) (internal quotation marks and citations omitted). Walker's claim also passes the subjective hurdle—allegations of a failure to treat or intervene on a prisoner's behalf in the face of an objectively serious medical condition can constitute indifference, depending on the circumstances. *See Arnett v. Webster*, 658 F.3d 742, 753 (7th Cir. 2011); *McGowan v. Hulick*,

612 F.3d 636, 640-41 (7th Cir. 2010). **Count 1**, therefore, shall proceed against Defendants Jane Doe, Walls, Lavender, Rowald, Shearing, Moldenhauer, Best, Berry, Hank, and McCarty.

### C. Count 2

Walker shall not be able to proceed with **Count 2**. A cause of action does not arise where a plaintiff files a grievance, and simply disagrees with the outcome. *See Conyers v. Abitz*, 416 F.3d 580, 586 (7th Cir. 2005) (plaintiff's argument that conspiracy by prison officials to deny administrative review of his grievances by dismissing them was frivolous where plaintiff had access to the grievance procedure but he did not obtain the outcome he desired). Additionally, prison grievance procedures are not constitutionally mandated. As such, the alleged mishandling of grievances "by persons who otherwise did not cause or participate in the underlying conduct states no claim." *Owens v. Hinsley*, 635 F.3d 950, 953 (7th Cir. 2011); *see also Grieveson v. Anderson*, 538 F.3d 763, 772 n.3 (7th Cir. 2008); *George v. Smith*, 507 F.3d 605, 609 (7th Cir. 2007); *Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir. 1996). Therefore, **Count 2** is dismissed without prejudice.

### D. Count 3

Lastly, **Count 3**, asserted against Butler for Walker's allegedly retaliatory transfer to another cell unit survives preliminary review. Prison officials may not retaliate against inmates for filing grievances or otherwise complaining about their conditions of confinement. *See, e.g.*, *Gomez v. Randle*, 680 F.3d 859, 866 (7th Cir. 2012); *Walker v. Thompson*, 288 F.3d 1005 (7th Cir. 2002); *DeWalt v. Carter*, 224 F.3d 607 (7th Cir. 2000); *Babcock v. White*, 102 F.3d 267 (7th Cir. 1996); *Cain v. Lane*, 857 F.2d 1139 (7th Cir. 1988). Furthermore, "[a]ll that need be specified is the bare minimum facts necessary to put the defendant on notice of the claim so that he can file an answer." *Higgs v. Carver*, 286 F.3d 437, 439 (7th Cir. 2002). Naming the suit and

the act of retaliation is all that is necessary to state a claim of improper retaliation. *Id.* A complaint that provides a short, clear statement of the relevant facts complies with the federal rules of civil procedure, and thus cannot be dismissed because it does not allege all facts necessary to clearly establish a valid claim. *Id.*

At issue here is whether Walker experienced an adverse action that would likely deter First Amendment activity in the future, and if the First Amendment activity was "at least a motivating factor" in the defendant's decision to take the retaliatory action. *Bridges v. Gilbert*, 557 F.3d 541, 551 (7th Cir. 2009).This is a question that cannot be resolved at the pleading stages of this case. Thus, the Court is unable to dismiss Walker's retaliation claim against Butler at this time.

### Disposition

**IT IS HEREBY ORDERED** that Plaintiff may proceed on **COUNTS 1** and **3** against Defendants **JANE DOE**, **WALLS**, **LAVENDER**, **ROWALD**, **SHEARING**, **MOLDENHAUER**, **BEST**, **BERRY**, **HANK**, **MCCARTY**, and **BUTLER**.

**IT IS FURTHER ORDERED** that **COUNT 2** is **DISMISSED** without prejudice. Defendants **HARRINGTON**, **CRAIN**, and **PAYNE** are **DISMISSED without prejudice** from this action.

**IT IS FURTHER ORDERED** that Defendant **WEXFORD HEALTH SERVICES** is **DISMISSED without prejudice** from this action.

**IT IS FURTHER ORDERED** that the Clerk of Court shall prepare for Defendants **WALLS**, **LAVENDER**, **ROWALD**, **SHEARING**, **MOLDENHAUER**, **BEST**, **BERRY**, **HANK**, **MCCARTY**, and **BUTLER**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is

**DIRECTED** to mail these forms, a copy of the complaint, and a copy of this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

Service shall not be made on Defendant **JANE DOE** until such time as Plaintiff has identified this defendant in the complaint by filing a motion to substitute Defendant **JANE DOE** with the name of the individual in the caption and, where applicable, throughout the complaint. Plaintiff is **ADVISED** that it is Plaintiff's responsibility to provide the Court with the name and service address for this individuals.

With respect to a Defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Plaintiff shall serve upon Defendants (or upon defense counsel once an appearance is entered), a copy of every pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on Defendants or counsel. Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to a United States Magistrate Judge for further pre-trial proceedings, including discovery aimed at identifying Defendant **JANE DOE**.

Further, this entire matter shall be **REFERRED** to a United States Magistrate Judge for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under § 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* has been granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against plaintiff and remit the balance to plaintiff. Local Rule 3.1(c)(1).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than 7 days after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: May 25, 2016**

<u>s/ MICHAEL J. REAGAN</u>
**Honorable Michael J. Reagan**
**Chief United States District Judge**